[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 2, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16037
Non-Argument Calendar

_____

Agency Nos. A099-646-367, A099-646-368

DIELLE TINAJ,
ELSA TINAJ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 2, 2009)

Before TJOFLAT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Dielle Tinaj and her daughter, Elsa Tinaj, are natives and citizens of Albania. According to them, they entered the United States without authorization on November 8, 2005. On May 22, 2006, they applied for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and the relief under the Convention Against Torture ("CAT").[1] Appearing before an Immigration Judge ("IJ") on a notice to appear alleging removability under INA § 212(a)(6)(A)(i), 8 U.S.C. 1182(a)(6)(A)(i), petitioner admitted removability. Petitioners then testified and introduced evidence in support of the application. At the conclusion of the hearing, the IJ, finding that the application for asylum was untimely and that petitioners' testimony was not credible as to the crucial factual matters in issue—specifically, their date of entry into the United States, the claims of past persecution, and the grounds for withholding of removal and CAT relief—denied the application in full and ordered petitioners removal. On appeal, the Board of Immigration ("BIA") affirmed the IJ's determination that petitioner's asylum claim was untimely and found no clear error in the IJ's adverse credibility determination and that petitioners were, as a result, not eligible for withholding of removal or CAT relief. The BIA therefore dismissed petitioners' appeal.

---

[1] Petitioner Dielle Tinaj is the asylym applicant. Elsa Tinaj is a derivative of her mother's application for asylum and the related relief. In this opinion, petitioner in the singular refers to Dielle Tinaj.

Petitioners now seek review of the BIA's decision, contending that (1) the IJ erred in concluding that they failed to show statutory eligibility for asylum, (2) the IJ and BIA's adverse credibility finding was unsupported by substantial evidence, and (3) the removal hearing was conducted in manner that denied them due process of law.

I.

Petitioners argue that their application for asylum was timely because it was filed within one year of their entry into the United States. They point to various pieces of evidence, in addition to their own testimony, as proof that they left Albania in 2005, and that asylum application was therefore timely: exhibits such as Elsa Tinaj's school records in Albania and a letter from her principal in America, and Dielle Tinaj's record of hospitalization following a beating at the hands of the Albanian police.

An alien may apply for asylum if she "demonstrates by clear and convincing evidence that the application has been filed within one year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). "No court shall have jurisdiction to review any determination" regarding timeliness. Id. § 1158(a)(3). We dismiss the petition for review of the determination that the asylum application was untimely because we lack jurisdiction to review that

determinationt.  We turn then to petitioners' argument that they made out a case for withholding of removal and CAT protection.

## II.

Petitioners their testimonies were detailed, believable, and consistent so as to provide a sufficient factual basis of past persecution.  The IJ erred deeming their testimonies to be not credible because the IJ wrongly relied on three factors:  (1) the wrong travel dates on the airline ticket receipts, (2) Elsa Tinaj's ability to speak accent-free English, and (3) Elsa Tinaj's inconsistent answer about eating sheep back in Albania.  Regarding the first point, petitioners assert that, as Dielle Tinaj testified during the hearing, they could not "leave using those tickets" precisely because of the wrong date.  As for the second point, they argue that evidence on the record, such as certificates showing that Elsa Tinaj finished third in her American school's essay contest and winning the President's Education Award in 2007, demonstrated her linguistic abilities and her aptitude to learn English quickly.  As for the third point, they argue that Elsa Tinaj could simply be "abhorred" of the fact of eating sheep, even if she had done so previously.

This credible evidence, petitioners assert, established past persecution and a "well-founded fear" of future persecution based on "imputed political opinion" based on Dielle Tinaj's husband's involvement in politics.  They contend that Dielle Tinaj's beatings by the Albanian police, with the last one resulting in

4

hospitalization, were not isolated incidents, and that their fear of future persecution was subjectively genuine and objectively reasonable. Lastly, they argue that they are entitled to CAT relief because they feared punishment from police members if returned to Albania and relocation within the country was not a viable option.

We review only the BIA's decision unless the BIA expressly adopts the IJ's findings and conclusions. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). In this case, since the BIA adopted the IJ's findings and conclusions, we review both the IJ's and BIA's decisions.

We review the IJ's factual findings, including a finding of no credibility, under the substantial evidence test. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). Under the substantial evidence test, we must affirm if such findings if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1284 (quotation omitted). "To reverse a factual finding . . ., [we] must find not only that the evidence supports a contrary conclusion, but that it compels one." Farquharson v. U.S. Att'y Gen., 246 F.3d 1317, 1320 (11th Cir. 2001). The fact that evidence in the record may also support a conclusion contrary to the administrative findings is not enough to justify a reversal. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

5

An alien may qualify for withholding of removal if "it is more likely than not that [the alien's] life or freedom would be threatened on account of a statutorily protected factor if returned to [the country of removal]." Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1243 (11th Cir. 2006). Protected grounds are five: race, religion, nationality, membership in a particular social group, or political opinion. Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 437 (11th Cir. 2004). An alien can also prevail on a theory of "imputed political opinion" if she can show that her persecutors falsely attributed an opinion to her and then persecuted her because of that mistaken belief about her views. Al Najjar, 257 F.3d at 1289.

If the alien demonstrates past persecution based on one of the five protected grounds, it is presumed that her life or freedom would be threatened in the future unless the presumption is rebutted by a fundamental change in circumstances or the ability to avoid a future threat via relocation. 8 C.F.R. § 208.16(b)(1)(I). If, however, the alien does not establish past persecution, she bears the burden of showing that it is more likely than not that (1) she would be persecuted in the future on account of one of the five protected grounds; and (2) she could not avoid this future threat to her life or freedom by relocating, if under all the circumstances it would be reasonable to expect relocation. See 8 C.F.R. § 208.16(b)(2); see also Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

To qualify for CAT relief, an alien must meet standards more stringent than those for asylum eligibility. Rodriguez Morales v. U.S. Att'y Gen., 488 F.3d 884, 891 (11th Cir. 2007). The alien carries the burden of proof to establish "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1239 (11th Cir. 2007) (quoting 8 C.F.R. § 208.16(c)(2)) (internal quotations omitted).

Like any finding of fact, a credibility determination may not be overturned unless the record compels it. Forgue, 401 F.3d at 1287. The IJ and the BIA can deny asylum based solely on an adverse credibility determination, especially when the alien does not produce corroborating evidence. Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1231 (11th Cir. 2006). If the IJ and the BIA explicitly determine that the alien is not credible, they must give specific, cogent reasons for the adverse credibility determination. Id. "The burden then shifts to the alien to show that the IJ's credibility determination was not supported by specific, cogent reasons or was not based on substantial evidence." Id. (quotation omitted).

Under 8 U.S.C. § 1158(b)(1)(B)(iii), as amended by the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 302, § 101(a) (2005), the IJ may find an alien incredible based on the "totality of the circumstances" and may deny a claim based on inconsistencies, inaccuracies, and falsehoods contained in the evidence, without regard to whether they go to the "heart" of the claim. "Indications of reliable

7

testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1255 (11th Cir. 2006). If credible, an alien's testimony may be sufficient, without corroboration, to sustain his burden of proof in establishing his eligibility for relief from removal. Forgue, 401 F.3d at 1287. "Conversely, an adverse credibility determination alone may be sufficient to support the denial of an asylum application." Id. However, if an applicant produces evidence other than his testimony, "it is not sufficient for the IJ to rely solely on an adverse credibility determination in those instances." Id. "The weaker an applicant's testimony, however, the greater the need for corroborative evidence." Yang v. U.S. Att'y Gen, 418 F.3d 1198, 1201 (11th Cir. 2005).

Substantial evidence in the record as whole supports the IJ's and BIA's adverse credibility determination, and this conclusion alone is sufficient to uphold the denial of withholding of removal and CAT protection. The petition for review is therefore denied as to such relief.

III.

Petitioners the manner in which the removal hearing was conducted denied them due process of law. Specifically, (1) the court-appointed translator had trouble translating and (2) the IJ was hostile and unfair. On the first point, petitioners assert that the translator made numerous errors in translation that in turn

8

"prejudiced" and "fueled" the IJ's adverse credibility determination. They submit that according to 8 C.F.R. § 1240.5, the IJ had a duty to reschedule the hearing once it became apparent that the translator could not translate accurately. On the second point, petitioners assert that the IJ abdicated his role of a neutral and impartial arbiter, and acted as an advocate for the government, by making biased statements during the hearing.

We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner exhausted her administrative remedies with respect to the claim. See 8 U.S.C. § 1252(d)(1); Sundar v. I.N.S., 328 F.3d 1320, 1323 (11th Cir. 2003). In order to exhaust all administrative remedies, the petitioner must raise her claim before the BIA. Sundar, 328 F.3d at 1323. Exhaustion is required when the alleged due process violation is the denial of a full and fair hearing before a neutral fact finder. Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1251 (11th Cir. 2006).

Since Petitioners did not present their due process claim to the BIA on appeal, the claim has not been exhausted. We consequently lack jurisdiction to hear it, and the petition for review is dismissed as to that claim.

PETITION DISMISSED, in part, DENIED, in part.